**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK PICOZZI, | Case No.: 2:26-cv-01490-APG-DJA |
| Plaintiff | **Screening Order for Complaint** |
| v. | ECF No. 1-1 |
| STATE OF NEVADA, et al., | |
| Defendants | |

Mark Picozzi, who is incarcerated in the custody of the Nevada Department of Corrections, has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. ECF Nos. 1-1, 1.  I will temporarily defer the matter of the filing fee. I now screen Picozzi's civil rights complaint.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they

2

are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

Picozzi sues the State of Nevada, James Dzurenda, Jeremy Bean, Julie Williams, William Kulolia, Glenn Fowler, Estill, Sanchez, Leddingham, B. Jones, Norwood, Forrarra, Mirit Avram, Webb, Jaymie Cabrera, Ruby Duques, Jill Rathie, Heart Center of Nevada, Gaston Vergara, and Summerlin Hospital based on events that occurred during his incarceration at High Desert State Prison (HDSP). ECF No. 1-1 at 1. He brings three counts and seeks monetary and injunctive relief. I dismiss the complaint without prejudice, and with leave to amend, because it does not comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  This is necessary to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  If the factual elements of a cause of action are not organized into a short and plain statement of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the complaint "does not need detailed factual allegations" but requires more "than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action").  Furthermore, FRCP 10(b) requires a party to "state its claims or defenses in numbered paragraphs" that are "limited as far as practicable to a single set of circumstances," and, where it would make a complaint clearer, state "each claim founded on a separate transaction or occurrence . . . in a separate count."

A basic lawsuit is a single claim against a single defendant.  Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched

4

him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid the confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and to prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

In Count I, Picozzi alleges that, as part of a settlement of two previous cases that he brought, he was supposed to be assigned to a job as a porter. But Officer Jones denied Picozzi a job as a porter, and he told Picozzi that he would never work as a porter unless he performed sexual acts for Jones. Picozzi alleges that various supervisors saw video of this incident, but they took no action. Picozzi separately alleges that he was kept in dangerous "SMU" housing for 14 months and that he received no yard, gym, or tier time.

Count I does not comply with Rule 8's requirement for a short and plain statement of Picozzi's claim because it does not detail what claim Picozzi is trying to bring against which defendants. There appear to be at least four separate issues that Picozzi is complaining about: (1) Jones's initial refusal to give Picozzi a job as a porter; (2) Jones's comment that Picozzi would only get a job as a porter if he performed sexual acts for Jones; (3) Picozzi being placed in SMU for 14 months; and (4) Picozzi not receiving yard, gym, or tier time while in SMU for 14 months. It is not clear whether Picozzi is trying to bring claims based on any or all of these issues and, if so, against which defendants each claim is being brought. In any amended complaint, Picozzi must clearly state what claims he is bringing against which defendants.

Picozzi states at one point that Norwood, Forrarra, Estill, Sanchez, and Leddingham all allowed Jones to keep Picozzi on lockdown, and at another point that "all staff" knew about Jones's actions because Picozzi filed a PREA complaint about it. But these kinds of vague

allegations are not sufficient to support a colorable claim against these supervisory defendants. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Thus, to state a colorable claim against a supervisor, Picozzi must allege that the supervisor either directed the alleged violation or knew beforehand that it was going to happen and had the authority to prevent the alleged violation, but failed to do so.  Picozzi must allege specific facts showing how, and when, each individual supervisory defendant learned about the alleged violation, and what authority each individual supervisor had to prevent the alleged violation.  Vague allegations that everyone knew about or all allowed an alleged violation is not sufficient to support a colorable claim.

Counts II and III each deal with various medical issues that Picozzi had, and each appears to bring claims based on the failure to provide him with proper medical care.  These claims are not related to Picozzi's claims in Count I, so they may only be brought in the same lawsuit if they are against the same defendant.  None of the defendants in Count II is also a defendant in Count I.  Although some of the supervisory defendants in Count I also appear to be defendants in Count III, the claims against these defendants suffer from the same deficiencies as the claims in Count I.  Namely, Picozzi fails to provide sufficient information about how the supervisory

defendants were responsible for the alleged violations. Furthermore, administrative officials who lack relevant medical expertise do not act with deliberate indifference to an inmate's serious medical needs when they rely on the opinions of qualified medical personnel. *See Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc). To state a colorable claim of deliberate indifference to a serious medical need against an administrative official, Picozzi must allege that the official either directed the alleged violation or knew beforehand that it was going to happen, had the authority to prevent the alleged violation but failed to do so, and was not relying on the opinion of qualified medical personnel in making his decision.

Because of the lack of details in the complaint, it is not clear whether or not the claims in Counts I, II, and III can be properly joined in a single case. Based on the allegations in the complaint, it appears that the claims are not properly joined in a single case. However, in light of Picozzi's pro se status, I dismiss the complaint with leave to amend all three counts. However, I advise Picozzi that each claim that is raised in any amended complaint must be permitted by either Rule 18 or Rule 20. Picozzi may state a single claim against a single defendant. Picozzi may then add any additional claims to his action that are against the same defendant under Rule 18. Picozzi may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2).

Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Picozzi may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or

campaign of harassment. Picozzi also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

Nor may Picozzi evade the joinder requirements by bringing non-colorable supervisory liability claims against the same defendant in each claim or bringing claims against improper defendants named in each claim.

Finally, I note that Picozzi lists the State of Nevada as a defendant in this case. But Picozzi cannot bring a claim against the State of Nevada under 42 U.S.C. § 1983 because the State of Nevada is not a "person" subject to liability under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

## III.    LEAVE TO AMEND

Picozzi is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Picozzi chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Picozzi's amended complaint must contain all claims, defendants, and factual allegations that Picozzi wishes to pursue in this lawsuit. Picozzi should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Picozzi chooses to file an amended complaint, he must file it by **June 29, 2026**. If Picozzi does not to file an amended complaint by that date, this action will be closed.

**IV.    CONCLUSION**

I THEREFORE ORDER that a decision on the application to proceed in forma pauperis (ECF No. 1) is deferred.

I FURTHER ORDER the Clerk of Court to file Picozzi's complaint (ECF No. 1-1) and send Picozzi a courtesy copy of the complaint.

I FURTHER ORDER that the complaint is dismissed in its entirety without prejudice and with leave to amend.

I FURTHER ORDERED that, if Picozzi chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, he will file the amended complaint by **June 29, 2026**.

I FURTHER ORDER that the Clerk of the Court is directed to send to Picozzi the approved form for filing a § 1983 complaint and instructions for the same. If Picozzi chooses to file an amended complaint, he should use the approved form, and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDER that, if Picozzi does not to file an amended complaint curing the stated deficiencies of the complaint by **June 29, 2026**, this action will be closed.

Dated: May 27, 2026

_____
Chief United States District Judge